UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re: PETITION OF THE )
HARTFORD CASUALTY ) Civil Action No: 04 CV 30051- MAP
INSURANCE COMPANY )

**PETITIONER HARTFORD CASUALTY INSURANCE COMPANY'S
<u>MOTION FOR EMERGENCY HEARING</u>**

Pursuant to Local Rule 7.1, petitioner Hartford Casualty Insurance Company ("Hartford") respectfully requests that the Court schedule an emergency hearing to consider Hartford's Petition to Modify Protective Order which was filed on March 10, 2004. As grounds for this request, Hartford states as follows:

1. Hartford's Petition seeks to modify, in part, the "Protective Order Concerning Confidentiality of Certain Case Materials" (the "Protective Order") entered on February 16, 1999 [Dkt No. 35] in the case entitled *The Yankee Candle Company, Inc. v. The Bridgewater Candle Company, LLC,* Civil Action No. 98-30226-MAP (the *"Yankee Candle"* Action). Hartford brings this Petition *solely* for the limited purpose of obtaining certain information presently filed under seal for use in a related action entitled *The Bridgewater Candle Company, LLC v. Hartford Casualty Insurance Company,* Civil Action No. 6-01-4719-26 (D. S.C.)(the "South Carolina Action") that is *currently being tried* before the Hon. Henry Floyd in Greenville, South Carolina.

2. Hartford served its Petition by means of facsimile and e-mail on all interested counsel of record in the *Yankee Candle* Action within minutes after it was filed in this Court.

3. Resolving Hartford's Petition on an expedited basis is required because *the trial of the South Carolina Action is expected to conclude on March 12, 2004.* The purpose of

Hartford's Petition is to obtain documents from the record in the *Yankee Candle* Action for use in the trial of the South Carolina Action. Accordingly, unless the Court addresses Hartford's Petition on an expedited basis, the evidence in the South Carolina Action will have closed before the documents can be obtained and Hartford's Petition will be moot.[1]

4.  Further, for the reasons set forth in Hartford's Petition, there is no good reason for Bridgewater Candle to oppose the release of the documents from this Court's file sought by Hartford with respect to a case that was settled more than 2 years ago other than its improper attempt to block Hartford from having access to documents filed with this Court that are now harmful to the positions that it is taking in the South Carolina Action.

*For the reasons stated*, Hartford respectfully requests that the Court schedule an expedited hearing on Hartford's Petition. Counsel for Hartford will undertake to coordinate providing notice of the time and manner of hearing to all interested counsel.

> Respectfully submitted,
>
> **HARTFORD CASUALTY INSURANCE COMPANY**
>
> _____
> Michael F. Aylward BBO #024850
> John T. Harding, Jr. BBO #221270
> **MORRISON, MAHONEY & MILLER, LLP**
> 250 Summer Street
> Boston, Massachusetts 02210
> (617) 439-7500

---

[1] Hartford's counsel has confirmed with the Clerk that the file in the *Yankee Candle* Action is still located in this Court and, thus, the documents requested can be easily provided to Hartford in the event that the Court grants Hartford's Petition.

2

_[signature]_
John G. Bagley BBO #026050
**MORRISON, MAHONEY & MILLER, LLP**
1500 Main Street – Tower Square – Suite 2400
Springfield, MA 01115
(413) 231-1249

Dated: March 11, 2004

## CERTIFICATE OF SERVICE

I, John T. Harding, counsel for Hartford Casualty Insurance Company, hereby certify that on March 11, 2004, I served a copy of the foregoing document on all counsel of record in the *Yankee Candle* Action by facsimile.

_[signature]_
John T. Harding

3