UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: PETITION OF THE HARTFORD CASUALTY INSURANCE COMPANY | Civil Action No. 04-CV-30051-MAP |

## DECLARATION OF KAREN W. CREECH

1. I am an attorney with the law firm of Covington, Patrick, Hagins, Stern & Lewis, P.A. in Greenville, South Carolina, which represents Bridgewater Candle Company, L.L.C. ("Bridgewater") in Bridgewater Candle Co. L.L.C. v. Hartford Cas. Ins. Co., Civil Action No. 6-01-4719-26 (D.S.C.) (the "South Carolina Action"). I make this declaration under penalty of perjury.

2. Pursuant to a scheduling order set by the South Carolina federal district court, discovery closed in the South Carolina Action October 30, 2003. During the discovery process, the Court entered a Stipulated Protective Order. (Exhibit A). Pursuant to the Stipulated Protective Order, in the South Carolina Action, Bridgewater produced to The Hartford various documents that had been designated as confidential pursuant to an Order entered by the Massachusetts District Court in Yankee Candle Co. v. Bridgewater Candle Co., L.L.C. In addition, Bridgewater produced a settlement agreement entered with Yankee Candle. All of these referenced documents were designated as "Confidential" within the Stipulated Protective Order in the South Carolina Action.

776718.1                                    1

3. The Stipulated Protective Order in the South Carolina Action imposed several duties on The Hartford as the party receiving "Confidential Information." First, The Hartford was bound to the confidentiality provisions of the Massachusetts Order, as well as any confidentiality provisions of the Settlement Agreement. Moreover, if The Hartford wished to introduce materials designated as "Confidential Information" into evidence, The Hartford was required to comply with the provisions of Paragraph 7 of the Stipulated Protective Order. Paragraph 7 required The Hartford to give Bridgewater five days' notice of any attempt to utilize "Confidential Information" in court proceedings and to comply with the provisions of South Carolina District Court Local Rule 5.03. (Exhibit B).

4. In addition, The Hartford was required to submit a list of exhibits prior to the trial of this case in accordance with Local Rule 26.03 and directions from the Court. The Exhibit List provided to Bridgewater in accordance with these requirements listed over 460 exhibits. However, neither the Settlement Agreement nor the other material to which The Hartford directs the attention of this Court was listed on the Exhibit List. Further, The Hartford did not provide notice to Bridgewater of its desire to utilize these materials in the trial or to comply with the provisions of Local Rule of 5.03.

5. Trial of the South Carolina Action began on Monday, March 8, 2004.

6. I was in attendance at the trial in the South Carolina Action when The Hartford attempted to reference provisions of the Settlement Agreement in open court and to introduce the Settlement Agreement as an exhibit. The Honorable Henry Floyd, presiding, denied The Hartford's request, citing several grounds: First, The Hartford failed to timely list the Settlement Agreement as an exhibit in accordance with the Local

Rules and Judge Floyd's prior directions. Second, The Hartford had failed to comply with Paragraph 7 of the Stipulated Protective Order in the South Carolina Action, requiring notice to Bridgewater and compliance with Local Rule 5.03. Finally, Judge Floyd observed that in seeking to introduce the Settlement Agreement into evidence and bringing its terms to the attention of the jury, The Hartford was not complying with the terms of the Settlement Agreement as it was bound to do under the terms of the Stipulated Protective Order under which it had obtained discovery of the agreement.

7. Likewise, Judge Floyd refused to permit The Hartford to question attorneys who represented Bridgewater in the Yankee Candle litigation about documents that were subject to the confidentiality provision of the Massachusetts Order, such that the contents of the documents would be disclosed, citing The Hartford's failure to comply with the Stipulated Protective Order entered in the South Carolina Action and the provisions of the Massachusetts Order that were incorporated therein.

8. I have been in attendance throughout the pretrial proceedings and the ongoing trial in the South Carolina Action. To the best of my knowledge, Judge Floyd never requested that The Hartford ask the Massachusetts District Court to remove the confidential designations of affidavit exhibits, nor did Judge Floyd ever indicate that a ruling on this issue from the Massachusetts District Court would be helpful to his consideration of these issues, upon which he has already ruled.

9. To the best of my knowledge, Judge Floyd never requested that The Hartford seek permission from the Massachusetts District Court to disclose the contents

of the confidential settlement agreement. Indeed, Bridgewater never asserted to Judge Floyd that the settlement agreement was subject to the Order of the Massachusetts Court.

10. To the best of my knowledge, Judge Floyd never indicated that the settlement agreement would be admissible at trial in the South Carolina Action if the Massachusetts District Court determined it was beyond the Protective Order in the Yankee Candle Action.

11. Judge Floyd pointed out at the trial that any difficulties The Hartford was experiencing with the introduction of materials designated as "Confidential Information" pursuant to the Stipulated Protective Order in the South Carolina Action were of its own making, in that the South Carolina Action had been pending since 2001, giving Hartford ample opportunity to timely seek, through appropriate channels, any discovery, rulings, or other materials that it might have needed to develop its case. Judge Floyd made it quite clear to The Hartford that its failure to act in a timely fashion did not create an emergency warranting judicial relief.

Dated: March 11, 2004

Karen W. Creech

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

FILED
AUG 2 2 2003
LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

| | |
|---|---|
| The Bridgewater Candle Company, L.L.C., ) | Case No.: 6:01-4719-25 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | STIPULATED PROTECTIVE ORDER |
| ) | |
| Hartford Casualty Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to the stipulation of the parties through their respective counsel, it is hereby **ORDERED**, as follows:

1. Any party may designate any document, material, or other information produced or disclosed to the other party during discovery which contains business, financial, medical or tax information or other confidential information as "Confidential Information." Such designation shall be made prior to or contemporaneous with production or disclosure by typing or stamping on the face of such documents the word "CONFIDENTIAL," or otherwise making known in writing such designation.

2. Any party may, on the record of any deposition taken in this matter or by written notice to the opposing counsel no later than seventy-two (72) hours after receipt of a deposition transcript, designate portions thereof meeting the criteria of Paragraph No. 1 as "Confidential." During the seventy-two (72) hours, all transcripts, exhibits, and information contained therein will be deemed to be "Confidential" or otherwise treated as "Confidential" and shall be deemed to be "Confidential Information" under the terms of this Order.

3. If any party objects to the designation of any document or other material as "Confidential Information," that party may apply to this Court for a ruling that the document or other

information shall not be accorded such status and treatment, after giving to the other party a minimum of seven (7) days prior written notice by facsimile transmission of such application. Until this Court enters an order changing the designation of such documents or information, such document or information shall continue to be protected as provided in this Order.

4. Except as otherwise provided herein, "Confidential Information" produced to opposing counsel may not be copied or reproduced in any form, and the content or substance thereof may in no way be shown, divulged or otherwise communicated to any person or entity, except in connection with and for the purposes of this specific litigation and then only to the following personnel:

    a) This Court and its employees assigned to work on this case including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court during the litigation of the above-captioned action;

    b) Attorneys of record in this action, their partners or associate attorneys assisting attorneys of record, employees of counsel of record who are engaged in work of this matter under the direct supervision of counsel of record including, but not limited to, paralegal assistants, and stenographic and clerical employees; provided that counsel has first obtained the signature of any such person on the written agreement attached hereto as "Exhibit A," that such persons agree to be bound by the terms of this Order. Counsel shall provide opposing party's counsel with copies of all such signed agreements;

    c) Court reporters in the performance of their official duties;

    d) Plaintiff, The Bridgewater Candle Company, L.L.C., in this case and its employees, attorneys, accountants, tax advisors, insurors, sales representatives, or actual or potential business affiliates who have a legitimate business need to know such information;

    e) Defendant, Hartford Casualty Insurance Company, and employees of Defendant, Hartford Casualty Insurance Company, who are actually engaged in the preparation and defense of this case;

    f) Experts consulted or retained by either party in connection with the

2

preparation of this litigation.

5. Before receiving or being shown any "Confidential Information" or information therefrom, all such persons shall be advised by the respective counsel of record that they are bound by this Order.

6. The parties acknowledge that some documents that may be sought to be discovered in this litigation are governed by the Protective Order Concerning Confidentiality of Certain Case Materials entered February 16, 1999, in Yankee Candle v. Bridgewater, C. A. No. 98-30226-MAP ("Yankee Protective Order") or the Settlement Agreement entered in that litigation. If a party to this litigation, or a third party, is requested to produce documents governed by the Yankee Protective Order or the Settlement Agreement, the parties agree that the requesting party will execute any supplementary documents necessary to insure compliance with the terms thereof or will seek permission from the appropriate party or court to permit the disclosure of the documents sought in accordance with the Yankee Protective Order or the Settlement Agreement respectively. All such information shall be deemed confidential within the meaning of this Stipulated Protective Order.

7. Should either party desire to use any "Confidential Information" deemed as such by another party during the course of any court proceedings, including but not limited to any filing with the Court, the party seeking to use the information shall so advise the opposing party in writing five (5) calendar days before use in any such court proceeding or filing with the court and, upon the request of either party, a motion to seal such "Confidential Information" and (any portion of any transcript filed with the Clerk containing references thereto) shall be filed pursuant to Local Civil Rule 5.03, DSC. "Confidential Information" shall not be disclosed or used in court proceedings unless and until the court issues an order on the motion to seal or the party designating information as

3

"Confidential Information" consents in writing. However, notification to the other party and/or the court pursuant to this paragraph is sufficient such that the material subject to the notification will be deemed timely filed, either under seal or not as determined by the court, upon the notification.

8. All copies of documents produced by a party to the opposing party, including transcripts, and summaries thereof, containing "Confidential Information" shall, promptly at the conclusion of this litigation, be destroyed by the counsel for the opposing party receiving such documents, except that counsel may retain one copy in order to maintain a complete file with respect to this matter. Counsel shall upon request promptly provide the opposing party's counsel with his or her affidavit attesting to the destruction of all such materials, and verifying that no copies or duplicates have been retained by any firm or person.

9. Nothing in this Order shall be deemed to preclude the admission into evidence in this case of "Confidential Information," and the parties herein have reserved all rights to seek admission into evidence in this case of "Confidential Information" or to object to the admissibility of such material.

**IT IS SO ORDERED.**

Perry L. Wooten, Judge
United States District Court

Dated: August 21, 2003
Florence, South Carolina

4

**STIPULATED TO:**

_/s/ Edward K. Pritchard_  
Edward K. Pritchard (I.D. # 4790)  
The Pritchard Law Firm, Inc.  
8 Cumberland Street, Suite C  
Charleston, SC 29401  
(843) 722-3300  
Attorney for Defendant  

August 15, 2003  
Charleston, South Carolina  

_/s/ Karen Creech_  
Karen Creech (I.D. # 7339)  
Covington Patrick Hagins Stern & Lewis, PA  
P. O. Box 2343  
Greenville, SC 29602  
(864) 242-9000  
Attorney for Plaintiff  

August 19, 2003  
Greenville, South Carolina  

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| The Bridgewater Candle Company, L.L.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Hartford Casualty Insurance Company, )<br>)<br>Defendant. ) | Case No.: 6:01-4719-25<br><br>**AGREEMENT REGARDING MATERIAL COVERED BY PROTECTIVE ORDER** |

The undersigned hereby acknowledges that:

1. He/she has read the Agreed Protective Order ("Protective Order") entered by the District Court of South Carolina on _____, 2003, in the above-entitled action;

2. He/she understands the terms of the Protective Order; and,

3. He/she agrees to be bound by the terms of the Protective Order.

The undersigned further agrees not to disclose the documentation and information subject to the Protective Order, or the contents thereof, to any person who has not read the Protective Order and executed this Agreement.

Date: _____  _____

_____

# LOCAL CIVIL RULES

for the

## UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA

(Revised March 2003 with amendments through November 2002)



## SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS

5.01: *Filing of Discovery*. Interrogatories under Rule 33 Fed. R. Civ. P. and responses thereto, Requests under Rule 34 Fed. R. Civ. P. and responses thereto, and Requests for Admissions under Rule 36 Fed. R. Civ. P. and responses thereto (collectively "discovery material") shall be served upon other counsel or parties, but shall not be filed with the Court. Transcripts of depositions taken under Rule 30 or Rule 31 Fed. R. Civ. P. (collectively "deposition") shall not be filed with the Court. The party responsible for serving the discovery material or taking the deposition shall retain the original and become the custodian thereof.

If relief is sought with respect to any discovery material or deposition, a copy of the relevant portion of the discovery material or deposition shall be filed with the Court contemporaneously with the filing or presentation of the request for relief. *See* Local Civil Rules 7.04 and 7.06.

If discovery material or depositions are to be used at trial or are necessary to resolution of a pretrial motion which might result in a final order on any issue, the portions to be used shall be filed with the Clerk of Court at the outset of the trial or at the filing of the motion insofar as their use can be reasonably anticipated.

When original discovery material or an original deposition is needed for appeal purposes and is not in the record, upon application and order of the Court the necessary discovery material or deposition shall be filed with the Clerk of Court.

5.02: *Filing with the Clerk*. The Court is open on all days except Saturdays, Sundays, and legal holidays. During normal business hours (8:30 a.m. until 4:30 p.m.), documents may be filed with the Intake section of the Clerk of Court's office at the Courthouse in Columbia, the Hollings Judicial Center in Charleston, the Clement F. Haynsworth Federal Building in Greenville, and the McMillan Federal Building in Florence.

If for any reason it is necessary for documents to be filed with the Court between the hours of 4:30 p.m. and 12:00 midnight on any business day for documents due that day, such emergency filings can be accomplished if the party making the request contacts the Clerk of Court or his designee during normal business hours to make arrangements to accept the after-hour filing. The Clerk of Court or his designee is authorized to accept the entire document, or a portion thereof, by having the party fax the document to a designated fax number. The party must also subsequently deliver the original document to the office of the Clerk of Court by 9:30 a.m. on the first business day following the request. Documents received under the procedure shall be date-stamped "FILED" as of the date and time occurring on the facsimile copy.

5.03: *Filing Documents under Seal*. Absent a requirement to seal in the governing rule, statute, or order, any party seeking to file documents under seal shall follow the mandatory procedure described below. Failure to obtain prior approval as required by this Rule shall result in summary denial of any request or attempt to seal filed documents. Nothing in this Rule limits the ability of the parties, by agreement, to restrict access to documents which are not filed with the Court. *See* Local Civil Rule 26.08.

3

(A) A party seeking to file documents under seal shall file and serve a "Motion to Seal" accompanied by a memorandum. *See* Local Civil Rule 7.04. The memorandum shall: (1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law. *E.g., Ashcroft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000); and *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984). A non-confidential descriptive index of the documents at issue shall be attached to the motion.

A separately sealed attachment labeled "Confidential Information to be Submitted to Court in Connection with Motion to Seal" shall be submitted with the motion. This attachment shall contain the documents at issue for the Court's *in camera* review and shall not be filed. The Court's docket shall reflect that the motion and memorandum were filed and were supported by a sealed attachment submitted for *in camera* review.

(B) The Clerk shall provide public notice of the Motion to Seal in the manner directed by the Court. Absent direction to the contrary, this may be accomplished by docketing the motion in a manner that discloses its nature as a motion to seal.

(C) No settlement agreement filed with the Court shall be sealed pursuant to the terms of this Rule.

4